DeBRULER, Justice,
concurring and dissenting.
The evidence was insufficient to support the conclusion of a reasonable trier of fact, by a preponderance of the evidence, that the bank committed a tort when repossessing this equipment. The equipment was collateral for a loan, and the bank, as a secured party, was exercising its right .to take possession of it, because the loan was in default. Such a repossession of collateral is lawful so long as there is no breach of the peace. I.C. § 26-1-9-503 (West Supp.1993); Van Bibber v. Norris (1981), 275 Ind. 555, 419 N.E.2d 115. There was no breach of the peace here.
*804 Furthermore, and even assuming arguendo that the evidence was sufficient to support the conclusion of a reasonable trier of fact, by a preponderance of the evidence, that the bank committed a tort in holding onto the repossessed equipment after the borrower paid off the loan while the bank attempted to negotiate a release with borrower and his lawyer, the evidence was nevertheless insufficient to warrant the conclusion of a reasonable trier of fact by clear and convincing evidence that the bank in so doing acted with malice, fraud, gross negligence, or oppressiveness. Erie Insurance Co. v. Hickman (1993), Ind., 622 N.E.2d 515. Punitive damages are therefore unwarranted.
Borrower made repeated complaints of damage to the equipment caused at repossession. The equipment itself was old and in disrepair. Borrower had not made the first three payments due on the obligation and was persistently tardy in paying. Borrower did not respond to repeated requests by the bank to turn over the equipment. Yet borrower was able to pay off the loan within days after receiving notice that the equipment would be sold. When first asked to sign a release, borrower said he did not want to sign until his lawyer read it and advised him. The bank employee then went with borrower to the lawyer’s office, where the two awaited the return of the lawyer. Borrower left before the lawyer appeared and did not return. It was the dead of winter.
The conduct of the bank, while perhaps tortious, does not under these circumstances constitute malice or oppressiveness.
The judgment for compensatory damages should be affirmed and the punitive damages set aside.
SHEPARD, C.J., concurs.